IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROLLAND SEAN TOWLES, ) | |
| AIS # 00279634, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00014-WS-N |
| ) | |
| MOBILE CO CIRCUIT COURT, *et al.*,) | |
|     Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Rolland Sean Towles, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Towles' claims are either malicious or frivolous.

**I. Complaint.** (Doc. 1).

Towles filed his complaint in this Court on a complaint form used by the United States District Court for the Middle District of Alabama instead of this Court's complaint form. Like this Court's § 1983 complaint form, the Middle District's form contains a section requiring Towles to list the lawsuits that he previously filed in state and federal courts relating to his imprisonment. (Doc. 1 at 1). The forms are also alike in requiring the plaintiff to sign his or her complaint under penalty of perjury. (Id. at 4).

In response to the question about prior lawsuits and to the requirement that he list each lawsuit, Towles identified one action, Towles v. Dr. Siddiq, et al., 2:15cv00146-MHT (M.D. Ala. pending). (Id. at 1-2). Towles then signed his complaint under penalty of perjury. (Id. at 4).

PACER (Public Access to Court Electronic Record) shows that Towles v. Mendle, Siddiq, et al., 2:15-cv-00146-MHT-SRW (M.D. Ala.), is indeed pending.[1] PACER also shows that Towles has previously filed other actions, namely, Towles v. Corizon, Inc., 2:14-cv-00884-WMA-JEO (N.D. Ala. 2014); Towles v. Alabama Department of Corrections, 2:14-cv-00962-MHT-WC (M.D. Ala. 2014)(dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Subsequent to filing the present action, Towles filed Towles v. Myers, 2:17-cv-00068-WHA-SRW (M.D. Ala. pending). And Towles previously filed a habeas petition in this Court, Towles v. State of Alabama, 15-0443-KD-M (S.D. Ala. 2016), which was barred by the one-year statute of limitations.

Turning to the present complaint's allegations, Towles names as defendants the District Attorney's Office of Mobile County, Alabama; Judge Ben H. Brooks; DART Restitution Department (DART); and Mobile County Circuit Court.[2] (Doc. 1

---

[1] The Court takes judicial notice of PACER's U.S. Party/Case Index available at *http://pacer.psc.uscourts.gov*.  FED.R.EVID. 201(b) (providing that the court can take judicial notice of facts "not subject to reasonable dispute . . . [that] can be accurately . . . determined from sources whose accuracy cannot reasonably be questioned"); see Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of PACER).

[2] Without addressing the propriety of naming the District Attorney's Office, the Mobile County Circuit County, and DART as defendants in this § 1983 action, the

at 2). He alleges that the complained of violation began in 2006 and continues until the present date. (Id.).

Towles alleges that in 2006, Judge Ben H. Brooks awarded him restitution in the amount of $40,550.00 in the case of State v. Christopher Lavern Day, CC2006 002943, as he was the victim of a violent crime from which he almost died. (Id. at 3). However, over eleven years, he has received less than $2,000.00. (Id.). Towles contends that the court has failed in its duty to him, the victim, and has thereby denied his right to due process. (Id.). Towles maintains that over the past six and half years, he filed numerous motions with the help of prison lawyers to obtain the money that he has received. (Id.). He believes that if he were a free man, he would be treated differently by the District Attorney's Office and DART. (Id.). Furthermore, DART has failed in its duty to collect and pay him the entire $40,500.00, instead of just $2,000.00. (Id.). That is, over almost eleven years "less than $2,000.00 [has been] collected and paid to [him]." (Id.).

For relief, Towles wants the Court "to make these Defendants do their job." (Id. at 4). He states all he wants is the amount awarded him by Judge Brooks and

---

Court notes that these defendants are not typically considered "persons" who may be sued in a § 1983 action. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (holding that § 1983 requires that a plaintiff be deprived of his or her constitutional rights by a "person" acting under color of state law); see, e.g., Moity v. Louisiana State Bar Ass'n, 414 F. Supp. 180, 182 (D.C. La.) (finding state courts are not considered "persons" within the meaning of 42 U.S.C. § 1983), aff'd, 537 F.2d 1141 (5th Cir. 1976); Harris v. Elmore Cty. D.A. Office, 2013 WL 1084294, at *1 (M.D. Ala.) (unpublished) (finding the district attorney's office was not a legal entity subject to being sued under § 1983), adopted, 2013 WL 1080476 (M.D. Ala. 2013).

7.5% interest for nonpayment, as provided by law. (Id. at 4). He also wants no filing fee charged to him because he is indigent and trying to obtain what was ordered.[3] (Id.).

## II. Analysis.

### A. Standard of Review Under § 1915(e)(2)(B)(i) for Maliciousness.

Because Towles is proceeding in forma pauperis, the Court is required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss the complaint if it is found to be frivolous or malicious, to fail to state a claim upon which relief can be granted, or to seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i – iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." Thompson v. Quinn, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. 2013); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the

---

[3] Section 1915(b)(1) requires that a prisoner pay the entire $350.00 filing fee for filing a lawsuit. 28 U.S.C. § 1915(b)(1). Because Towles is a prisoner, he is not required to pay the full filing fee at the time he files his complaint, but he is allowed to pay the filing fee over time. 28 U.S.C. § 1915(b)(1) & (2). In the present action, Towles was ordered to pay a partial filing fee of $4.55. (Doc. 5). He did not pay the partial filing but instead asked the Court to waive the partial filing fee because he does not have the money at this time, but he could pay it upon receipt of the reimbursement money. (Doc. 6). The Court ordered ADOC to collect the partial filing fee and the remainder. (Doc. 7).

counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of an action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[4] Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and that his records were inaccessible).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action.  Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

### B. Application of Law to Facts.

In the present complaint, Towles indicates that he filed one other lawsuit that relates to his imprisonment.  (Doc. 1 at 1-2).  However, an examination of

PACER reflects that Towles previously filed two other cases, which he did not list. Thus, when Towles filed his complaint, he knowingly chose not to list these two prior actions. He then proceeded to sign the present complaint under penalty of perjury. (Id. at 7).

In Rivera, supra, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of Pinson v. Grimes, 391 F. App'x 797 (11th Cir.) (unpublished), cert. denied, 562 U.S. 1013 (2010), the Eleventh Circuit, relying on Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. Id. at 799. Accordingly, the Court deems that Towles' behavior is an abuse of the judicial process that warrants this action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. Rivera, supra; Pinson, supra.

Moreover, if this action were dismissed, Towles would be able to re-file it. (Id. at 7). That is, in Alabama the statute of limitations for filing a § 1983 action is two years from when the claim accrues. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as Towles states that the violation is ongoing (Doc. 1 at 2), or least until he filed the action on January 9, 2017, the statute of limitations has not expired on

his claims. Therefore, Towles can re-file his action, if he elects. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

### C. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B) for Frivolousness.

Even though this action can be dismissed on the ground that it is malicious, an alternate ground exists under 28 U.S.C. § 1915(e)(2)(B) to dismiss the present action. Section 1915(e)(2)(B)(i) provides that a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662. The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Id. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the

---

[5] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### D.  Application of Law to Facts.

After reviewing Towles' allegations and request for relief, the Court finds that this § 1983 action is essentially a request for the writ of mandamus,[6] that is, a request for this Court to order (mandate) the defendants, state officials and state entities, to pay Towles the restitution money awarded him by increasing their efforts to collect it.  Federal district courts are given jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).  But "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." Bailey v. Silberman, 226 F. App'x 922, at **2 (11th Cir. 2007) (unpublished) (citing Moye v. Clerk, DeKalb Cty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (same); Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970) (same).

In Bailey v. Silberman, 226 F. App'x 922, the plaintiff sought an injunction requiring the defendants, Florida appellate court judges, the Florida Attorney General, the state attorney, and the State of Florida, to address the merits of his

---

[6] A mandamus is generally defined as "a writ issue[d] by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." BLACK'S LAW DICTIONARY (8th ed. 2004).

state-court habeas petition. The Eleventh Circuit determined that the plaintiff's request was essentially a request for the writ of mandamus and that the federal district court lacked subject matter jurisdiction to issue the writ of mandamus "directing a state court and its judicial officers in the performance of their duties." (Id. at **2). Because the defendants were not federal employees or officers or a federal agency, the Court found that the district court lacked jurisdiction over the only relief the plaintiff requested and properly dismissed the action as frivolous. (Id.).

Because the defendants named by Towles are state officials or state entities (and are not <u>federal</u> employees, officers, or agencies), this federal Court has no jurisdiction to grant the relief requested by Towles, that is, to make defendants do their job to collect the restitution awarded Towles and to deliver it to him along with 7.5% interest. Accordingly, the Court finds Towles' action is frivolous.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims are either malicious or frivolous.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1);

FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of June 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**